Dear Mr. Dupont:
You have requested an opinion of this office as to who or what entity would have jurisdiction and authority over the excavation and proper disposition of human remains that were recently found on the batture of the levee near White Castle, Louisiana.
You advise that both the Sheriff's office and the Coroner's office have investigated and concluded that the site where the human remains were found was a former cemetery in the early 1900's that was displaced when the current levee was built as a result the 1927 flood. You further advise that there is no question that these remains are in excess of fifty years old, that the site was a former cemetery, and that there is neither indication of any criminal wrongdoing nor is a criminal investigation warranted.
It is the opinion of this office that this situation is covered by the Louisiana Unmarked Human Burial Sites Preservation Act. La. R.S. 8:671 et seq. Accordingly, this discovery should be reported to the Louisiana Unmarked Burial Sites Board, which is in the Department of Culture, Recreation Tourism, Division of Archaeology. The procedures to be followed by the Louisiana Unmarked Burial Sites Board for the proper disposition of unmarked burial sites and human skeletal remains are contained La. R.S. 8:681.
You have also advised that the Iberville Parish Coroner has indicated that he has assumed jurisdiction over this unmarked burial site, and plans to begin excavation of the site in the very near future. It is the opinion of this office that, given the fact that this unmarked burial site is over fifty years old and there is no need for a criminal investigation, the Coroner does not have jurisdiction over the site; and any activity that may disturb the site should immediately cease. La. R.S. 8:680
(B)(D). Furthermore, it is unlawful for any person or entity to knowingly disturb an unmarked burial site or any known skeletal remains without authorization from the Louisiana Unmarked Burial Sites Board. La. R.S. 8:678(A)(1).
Finally, we are of the opinion that the Atchafalaya Basin Levee District and the Corps of Engineers are interested parties, who the Louisiana Unmarked Burial Sites Board has the duty to consult with in order to determine a proper course of action that insures the integrity of the levee during any excavation of this unmarked burial site. La. R.S. 8:676(A)(3).
We hope that this opinion adequately addresses the questions raised in your opinion request; and if we can be of any further service to you in this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp
cc: Dr. Thomas Eubanks Division of Archaeology Department of Culture, Recreation Tourism